IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EUGENE LONG, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO.: 1:22-CV-1273 |
| | § | |
| CITY OF LLANO, | § | **JURY DEMAND** |
| *Defendant*. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Eugene Long, and files this Original Complaint Petition complaining of Defendant the City of Llano, and for cause of action would show the Court the following:

### I.

### INTRODUCTION

1.1  This action seeks damages, liquidated damages, attorneys' fees, expert fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States and of Texas.

### II.

### PARTIES

2.1.  Plaintiff Eugene Long is an individual who is a resident of Llano County, Texas.

2.2  Defendant City of Llano is an entity which may be served through the City Clerk, Mayor, Treasurer or Secretary of the City of Llano, 301 West Main Street, Llano, TX 78643.

### III.

### JURISDICTION AND VENUE

3.1     Jurisdiction is evoked pursuant to U.S.C.§623(a). This Court has jurisdiction over this matter as it involves a federal question based on the Age Discrimination and Employment Act. The Plaintiff was employed with Defendant City of Llano, a corporation doing business within the territorial jurisdiction of the Court. The damages incurred by Plaintiff as a result of Defendant's conduct exceed the minimal jurisdictional limits of the Court.

3.2     This action lies in the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Llano County, Texas.

### IV.

### CONDITIONS PRECEDENT

4.1     All conditions precedent have been performed or have occurred.

### V.

### STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

5.1     Plaintiff began working for the City of Llano in 1996. In 2021 Plaintiff was employed as the Director of Public Works. Plaintiff never had any disciplinary issues during his tenure.

5.2     On August 10, 2021 Plaintiff was terminated in a meeting with the City Manager Erica Berry and Mayor Gail Lang. Ms. Berry informed Plaintiff that August 31, 2021 would be his last day but that she would prefer that Plaintiff retire. When Plaintiff inquired why he was being terminated Plaintiff was told that three issues had arisen: 1. That two projects Plaintiff had worked on had gone into litigation. However, one of the referenced projects had never been in

litigation and the one that did end up in litigation did so because of decisions made by the engineers on the project, not Plaintiff; 2. Plaintiff was told that he had put a boat in the river without Ms. Berry's permission. Plaintiff did not put a boat in the river to drive around. Plaintiff was simply doing a mechanical test on a boat after which it was removed. This task had been previously performed by Plaintiff and other city employees without incident and without any permission necessary from the city manager; 3. Plaintiff was told that he had failed to check on his electrical team for a 37 hour period. This accusation simply was not true. No actual, legitimate reason was given for his termination. Plaintiff was 57 years old when he was terminated.

## VI.

## CAUSES OF ACTION

6.1   The allegations contained in Paragraphs 5.1 through 5.2 are hereby incorporated by reference for all causes of action.

### Discrimination Under the Age Discrimination in Employment Act

6.2   The conduct of Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above constitutes discrimination in direct violation of the Age Discrimination in Employment Act ("ADEA").

6.3   Defendant discriminated against Plaintiff because of his age. See 29 U.S.C.§623(a). Defendant terminated Plaintiff's employment and otherwise discriminated against him, and there is a causal connection between Plaintiff's age and the adverse employment actions. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below

**Disability and Age Discrimination Under the Texas Commission on Human Rights Act**

6.4     The conduct of Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities, constitutes disability and/or age discrimination and retaliation in direct violation of §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

"An employer commits an unlawful employment practice if ... the employer ... discriminates against an individual ... or ... classifies an employee ... in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee." 6.5  Plaintiff was selected for unfavorable treatment by Defendant, including his termination, because of his disability or perceived disability and/or her age.  There is no legitimate non-discriminatory reason for Defendant's actions, and if such a reason is propounded, it is a pretext. Plaintiff's age was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment and otherwise discriminate against him. Unlawful discrimination moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## VII.

## DAMAGES

7.1     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages or back pay, interest on back pay and front pay, future wages or front pay, employment benefits in the past and future, lost earnings in the past and future, and all lost benefits under the contract or employment relationship.

## VIII.

## COMPENSATORY/LIQUIDATED DAMAGES

8.1   Defendant has intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his age. Plaintiff also brings suit for compensatory and/or liquidated damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## IX.

## ATTORNEYS' FEES AND EXPERT FEES

9.1   A prevailing party may recover reasonable attorneys' fees, expert fees, and costs. SEE 42 USC §12205; SEE 29 USC §626; SEE 29 USC §2617; SEE TEX. LAB. CODE §21.259. Plaintiff brings suit for these fees from Defendant. Plaintiff seeks all reasonable expert fees and attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal to the Texas Court of Appeals, making or responding to an application for writ of error to the Texas Supreme Court, an appeal to the Texas Supreme Court if an application for writ of error is granted, and post-judgment discovery and collection in the event execution on the judgment is necessary.

## X.

## PUNITIVE DAMAGES

10.1   Defendant have acted with malice or reckless indifference to Plaintiff's rights. Defendant, by engaging in the aforementioned acts and/or in authorizing and/or ratifying the aforementioned

acts, engaged in willful, malicious, intentional, and oppressive conduct and acted with willful and conscious disregard, or alternatively reckless disregard or indifference of the rights, welfare, and safety of Plaintiff, therefore justifying the award of punitive and exemplary damages in an amount to be determined at trial.  Therefore, Plaintiff additionally brings suit for punitive damages and exemplary damages.

## X.

## JURY DEMAND

11.1   Plaintiff hereby demands a trial by jury of all the issues and facts in this case and tenders the requisite fee

### .PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendant as requested above, and as follows:

1. Judgment against Defendant for all damages alleged in this petition;
2. Alternatively, reinstatement in her former position;
3. Interest before and after judgment at the highest rate provided by law, until paid;
4. Costs of suit;
5. Reasonable and necessary attorneys' fees and expert witness fees;
6. Declaratory and injunctive relief; and
7. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
925 S. Capital of Texas Highway, Suite B225
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile

/s/ John F. Melton
John F. Melton
jmelton@jfmeltonlaw.com
State Bar No. 24013155
Michael W. Balcezak
State Bar No.: 24012236
Michael@jfmeltonlaw.com
ATTORNEYS FOR PLAINTIFF

Dated: 12/5/2022.